IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA POULSEN,<br><br>    Plaintiff,<br><br>  v.<br><br>STERLING SAVINGS BANK, et al.,<br><br>    Defendants.<br>_____/ | No. C -12-02306 EDL<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND** |

Plaintiff alleges that Defendants Sterling Savings Bank, David Poulson, and Clement Carinelli deceived her into making four real estate loan guaranties. Plaintiff's complaint contains nine claims against Defendant Sterling Savings Bank ("Defendant"): (1) declaratory and injunction relief; (2) Financial Elder Abuse; (3) violation of California Business and Professions Code section 17200; (4) breach of duty; (5) violation of the Consumer Legal Remedies Act, California Civil Code section 1750; (6) fraud; (7) misrepresentation; (8) breach of covenant of good faith and fair dealing; and (9) rescission of contract. Defendant has filed a motion to dismiss, arguing that Plaintiff lacks standing to bring this action, that Plaintiff lacks the capacity to sue, and that Plaintiff has failed to state any claims. Defendants Poulson and Carinelli have not been served (First Am. Compl. (FAC) ¶ 9) and are in bankruptcy.

On August 21, 2012, the Court held a hearing on Defendant's Motion to Dismiss. For the reasons stated at the hearing and in this Order, Defendant's Motion is granted with leave to amend some claims.

**Legal Standard**

A complaint will survive a motion to dismiss if it contains "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)

1  (citing Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)).  The reviewing court's
2  "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in
3  the light most favorable to the plaintiff."  Lazy Y Ranch LTD v. Behrens, 546 F.3d 580, 588 (9th
4  Cir. 2008).

5  A court need not, however, accept as true the complaint's "legal conclusions."  Iqbal, 129 S.
6  Ct. at 1949.  "While legal conclusions can provide the framework of a complaint, they must be
7  supported by factual allegations."  Id. at 1950.  Thus, a reviewing court may begin "by identifying
8  pleadings that, because they are no more than conclusions, are not entitled to the assumption of
9  truth."  Id.

10  Courts must then determine whether the factual allegations in the complaint "plausibly give
11  rise to an entitlement of relief."  Id.  Though the plausibility inquiry "is not akin to a probability
12  requirement," a complaint will not survive a motion to dismiss if its factual allegations "do not
13  permit the court to infer more than the mere possibility of misconduct . . . ."  Id. at 1949 (internal
14  quotation marks omitted) & 1950.  That is to say, plaintiffs must "nudge[] their claims across the
15  line from conceivable to plausible."  Twombly, 550 U.S. at 570.

16  **Discussion**

17  **1.    *Respondeat Superior* liability**

18  An overarching legal issue in this case is whether Defendant can be liable for Carinelli's
19  alleged conduct.  As stated at the hearing, Defendant's liability for Carinelli's conduct rests, if at all,
20  on the doctrine of *respondeat superior*.  See Martinez v. Hagopian, 182 Cal.App.3d 1223, 1227
21  (1986) ("Under the *respondeat superior* doctrine, an employer's liability extends to torts of an
22  employee committed within the scope of his employment. This includes willful and malicious torts
23  as well as negligence. . . . The determination as to whether an employee committed a tort during the
24  course of his employment turns on whether '1) the act performed was either required or 'incident to
25  his duties' [citation], or 2) the employee's misconduct could be reasonably foreseen by the employer
26  in any event [citations].'") (internal citations omitted).  Whether or not Defendant is liable based on
27  *respondeat superior* cannot be determined on a motion to dismiss, and may well involve factual
28  issues as to reasonable foreseeability.  Thus, the Court gave Plaintiff leave to amend the complaint

2

to allege *respondeat superior* liability.

**2.   The Court is not persuaded by Defendant's argument that Plaintiff lacks capacity to sue**

An individual's capacity to sue is determined by the law of the individual's state. Fed. R. Civ. P. 17(b). In California, the test for incompetence is whether an individual "has the capacity to understand the nature and consequences of the proceeding and is able to assist counsel in preparing the case." In re A.C., 166 Cal.App.4th 146, 157 (2008) (discussing incompetence in context of juvenile dependency case); see also In re Rains, 428 F.3d 893 (9th Cir. 2005) (stating that the test under California law for whether party had capacity to enter into contract is whether he understood the nature, purpose and effect of what he did).

Defendant argues that Plaintiff's lack of capacity appears on the face of the complaint and so her action should be dismissed. See Hershel Cal. Fruit Prods. Co. v. Hunt Foods, 119 F. Supp. 603, 607 (S.D. Cal. 1954) ("The issue of capacity to sue may be raised by motion to dismiss where the defect appears on the face of the complaint."). Plaintiff alleges that: "As early as the year 1993 and thereafter, because of Plaintiff's age and diagnosis of mental and physical deterioration, including the possibility that she may have been experiencing the early onset of Alzheimer's disease, Plaintiff planned to 'retire' from the active conduct of Plaintiff's personal and Sutter-owned real estate investments." FAC ¶ 11. Plaintiff also alleges that "she failed to appreciate the extent of her increasing physical and mental limitations. . . ." FAC ¶ 12. Plaintiff alleges that had Sonoma/Sterling representatives met with her "at any time after 1994," they would have been aware of her "compromised mental processing and decision-making abilities." FAC ¶ 30. Plaintiff also alleges that: "With respect to the transactions that provide the basis of the underlying claims of Sterling against Plaintiff [in the related case], Plaintiff lacked the capacity, informed consent and information necessary" to be bound by the guaranties. FAC ¶ 36. However, Plaintiff also alleges that she has been treated and has recovered her faculties. FAC ¶ 20. Viewing the allegations in the light most favorable to Plaintiff, the Court cannot conclude from the face of the complaint that Plaintiff lacks the capacity to bring this action.

**3.   Defendant's argument that Plaintiff lacks standing is well-taken**

Defendant argues that Plaintiff lacks standing to assert the first, third, fourth, fifth, sixth,

3

seventh, eighth and ninth claims because these claims are premised on allegations that Sutter was induced to obtain loans from Sonoma/Sterling to purchase properties, and each loan was made to Sutter, not Plaintiff. An individual who is not a party to the promissory notes and deeds of trust lacks standing to set them aside. See Bleavins v. Demarest, 196 Cal.App.4th 1533, 1542 (2011) ("First, Bleavins lacks standing to assert any claim concerning the contractual relationship between Allstate and the Dannenbaums, including whether the Dannenbaums were entitled to a defense, because he is not a party to the insurance policy. 'Someone who is not a party to [a] contract has no standing to [challenge the performance of] the contract or to recover extra-contract damages for wrongful [payment] of benefits to the contracting party.'") (internal citations and quotation marks omitted). Accordingly, as stated at the hearing, Plaintiff lacks standing to assert these claims, and Defendant's Motion to Dismiss is granted with leave to amend (except for the fifth claim for violation of the Consumer Legal Remedies Act as discussed below). In an amended complaint, Plaintiff must take care to allege claims separately against each Defendant.

**4.     Plaintiff's second claim for financial elder abuse is dismissed with leave to amend**

Financial elder abuse occurs when a person or entity "[t]akes, secrets, appropriates, or retains real or personal property of an elder ... to a wrongful use or intent to defraud, or both." Cal. Welf. & Inst. Code § 15610.30; see also Sonoma Foods, Inc. v. Sonoma Cheese Factory, LLC, 634 F. Supp. 2d 1009, 1023 (N.D. Cal. 2007) (granting motion to dismiss claim for financial elder abuse because the alleged taking of property (trademarks) was of someone other than the elder person); Giordano v. Wachovia Mortgage, FSB, 2011 WL 1130523, at *3 (N.D. Cal. Mar. 25, 2011) (granting motion to dismiss claim for financial elder abuse where a bank allegedly made misrepresentations and concealed facts relating to the interest rate of a loan to induce the plaintiffs to enter into the loan). "A person or entity shall be deemed to have taken, secreted, appropriated, obtained, or retained property for a wrongful use if, among other things, the person or entity takes, secretes, appropriates, obtains, or retains the property and the person or entity knew or should have known that this conduct is likely to be harmful to the elder or dependent adult." Cal. Welf. & Inst. Code § 15610.30(b).

Plaintiff argues that the financial elder abuse claim is based on the theory that Defendant has "retained" Plaintiff's personal guaranty for a wrongful use, citing Teselle v. McLoughlin, 173

4

Cal.App.4th 156, 174 (2009). The complaint, however, does not limit the elder abuse claim to just retention of the guaranty. Further, in Teselle, "wrongful use" for purposes of elder abuse is defined as "taking . . . or retaining property in bad faith." Teselle, 173 Cal.App.4th at 174. But the court also went on to say that "bad faith occurs where the person or entity knew or should have known that the elder had the right to have the property transferred or made readily available to the elder or to his representative." Id. Plaintiff has not alleged her right to the return of the personal guaranty.

In addition, Plaintiff's elder abuse claim may be time-barred. The statute of limitations for the elder abuse claim is four years. Cal. Welf. & Inst. Code § 15657.7. The last loan transaction at issue in this case was signed in February 2007, more than five years before this action was filed in April 2012. Plaintiff argues that the statute of limitations should be tolled based on her mental condition, but the complaint does not contain sufficient allegations for the Court to determine whether tolling applies. See Brockamp v. United States, 67 F.3d 260 (9th Cir. 1995) ("We have held, however, that where 'extraordinary circumstances beyond plaintiffs' control [make] it impossible to file the claims on time,' equitable tolling applies. . . . Principles of equity mandate that when mental incompetence precludes a person from asserting his rights during the proper time period, he should not be precluded from later seeking redress for his injuries.") (internal citations omitted).

Accordingly, as discussed in more detail at the hearing, Plaintiff's elder abuse claim is dismissed for failure to state a claim and as time-barred. The Court grants Plaintiff leave to amend this claim.

**5.  Plaintiff's third claim for violation of California Business and Professions Code section 17200 is dismissed with leave to amend**

California Business and Professions Code section 17200, et seq., prohibits "any unlawful, unfair or fraudulent business act or practice." To prove fraud under section 17200, it is necessary to show that members of the public are likely to be deceived. Sonoma Foods, 634 F. Supp. 2d at 1022. This cause of action is derivative of some other illegal conduct or fraud committed by a defendant, and a plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation." Lomboy v. SCME Mortgage Brokers, 2009 WL 1457738, at *6 (N.D. Cal. May 26, 2009) (internal citation omitted). Further, when charging fraud against a business entity, the

5

pleading requirements are more strict:

> The requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.

Tarmann v. State Farm Mutual Auto Ins. Co., 2 Cal.App.4th 153, 157 (1991). Here, there are no allegations that Plaintiff met or communicated with Defendant, and Plaintiff does not allege any misrepresentation made by Defendant. Plaintiff may be basing this claim on appraisals obtained by Defendant to decide whether to make the loans, but a lender does not owe a duty to a borrower for such appraisals. Nymark v. Heart Federal Savings & Loan Ass'n, 2131 Cal.App.3d 1089, 1100 (1991). Thus, Plaintiff has not stated a claim for fraud under section 17200.

Under section 17200, an act is "unfair" if the act "threatens an incipient violation of a [competition law], or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law." Cal-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 187 (1999). To the extent that Plaintiff is alleging unfair business practices under section 17200, Plaintiff has not alleged any business practices of Defendant, and admits that she had no contact with the bank. FAC ¶¶ 18, 30. Further, the documents show that Defendant contracted with Sutter, not Plaintiff. Thus, Plaintiff has not stated a claim for unfair business practices under section 17200.

Third, an unlawful business practice is an "act or practice, committed pursuant to business activity, that is at the same time forbidden by law." Bernardo v. Planned Parenthood Federation of America, 115 Cal.App.4th 322, 351 (2004). Plaintiff has not alleged any conduct by Defendant that is forbidden by law. Instead, Plaintiff's allegations are that her son committed wrongful acts, and there are no allegations that Defendant knew of the alleged misconduct. In fact, Plaintiff states that she never met with the lender and that her son had an obligation to inform Defendant of Plaintiff's mental limitations. Thus, Plaintiff has not stated a claim for unlawful business practices under section 17200. Defendant's motion to dismiss Plaintiff's claim under section 17200 is granted with leave to amend.

**6.    Plaintiff's fourth claim for breach of duty and eighth claim for breach of covenant of good faith and fair dealing are dismissed with leave to amend**

6

Under California law, a lender does not owe a duty of care to a borrower. See Prelas v. GMAC Mortgage LLC, 187 Cal.App.4th 429, 436 ("A commercial lender pursues its own economic interests in lending money. A lender 'owes no duty of care to the [borrowers] in approving their loan.' A lender is under no duty 'to determine the borrower's ability to repay the loan.... The lender's efforts to determine the creditworthiness and ability to repay by a borrower are for the lender's protection, not the borrower's.'") (internal citations omitted); Price v. Wells Fargo Bank, 213 Cal.App.3d 465, 476 (1989) ("It has long been regarded as 'axiomatic that the relationship between a bank and its depositor arising out of a general deposit is that of a debtor and creditor.' 'A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such.' The same principle should apply with even greater clarity to the relationship between a bank and its loan customers.") (internal citations omitted).

Further, a lender does not have a duty to a borrower to assess the risks of an investment and is not liable for the failure of those investments. See Wagner v. Benson, 101 Cal.App.3d 27, 34-35 (1980) ("The success of the Wagners' investment is not a benefit of the loan agreement which the Bank is under a duty to protect. . . . As to the negligence claim, the Wagners allege they suffered substantial foreseeable harm from the Bank's negligence in loaning money to them, as inexperienced investors, for a risky venture over which the Bank exercised influence and control. However, the Bank owes no duty of care to the Wagners in approving their loan."). Thus, Defendant was under no duty to Sutter, much less to Plaintiff, for the success of the investments. Therefore, the fourth claim is dismissed with leave to amend.

Similarly, the eighth claim is also dismissed with leave to amend. The covenant of good faith and fair dealing cannot be used to create obligations that are not contemplated in the contract (here, the loan documents or the guaranties). See Keen v. Am. Home Mortg. Servicing Inc., 664 F. Supp. 2d 1086, 1101 (E.D. Cal. 2009) ("Furthermore, 'a breach of the implied covenant of good faith and fair dealing involves something beyond breach of the contractual duty itself.' The 'implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract.'") (internal citations omitted). Plaintiff does not allege that the covenant of good faith and fair dealing

7

was breached with respect to any of the terms of the guaranties and nothing in the guaranties puts the burden on the lender to ensure the success of Sutter's investments. Further, Defendant does not owe any duty to Plaintiff or to Sutter with regard to the appraisals.

At the hearing, Plaintiff's counsel stated that he could provide legal authority for his argument that a mortgage broker such as Carinelli had a fiduciary duty to Plaintiff, which could support a finding of Defendant's liability through *respondeat superior*. If Plaintiff has such authority, he must provide it to Defendant and the Court with his amended complaint.

**7.  Plaintiff's fifth claim for violation of the Consumer Legal Remedies Act is dismissed without leave to amend**

The Consumer Legal Remedies Act ("CLRA") applies to any contract "undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." Cal. Civ.Code § 1770(a). Section 1761(d) defines "consumer" to mean "an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes." Cal. Civ.Code § 1761(d). Accordingly, the CLRA does not apply to commercial or government contracts, or to contracts formed by nonprofit organizations and other non-commercial groups. See Cal. Grocers Ass'n v. Bank of Am., 22 Cal.App.4th 205, 27 Cal.Rptr.2d 396, 404 (1994) (holding that trade group is not "consumer" of services for personal, family, or household purposes as defined within CLRA). Further, the CLRA does not apply to loans or the ancillary services provided in the making of a loan. See Consumer Solutions REO, LLC v. Hillery, 658 F. Supp. 2d 1002, 1016-17 (N.D. Cal. 2009) ("Fairbanks [v. Superior Court, 46 Cal.4th 56, 92 Cal.Rptr.3d 279, 205 P.3d 201 (2009)], thus indicates that loans are intangible goods and that ancillary services provided in the sale of intangible goods do not bring these goods within the coverage of the CLRA.").

It is undisputed that the loans at issue in this case are commercial loans. See, e.g., FAC ¶ 69 ("On or about February 9, 2007, Plaintiff and Defendant Sterling entered into a written contract whereby Defendant agreed to loan to Sutter, guaranteed by Plaintiff $1,300,000 for the purchase of certain commercial real property."). Thus, Plaintiff cannot state a claim for violation of the CLRA, even if the claim is brought by Sutter. This claim is dismissed without leave to amend.

**8.  Plaintiff's sixth claim for fraud and seventh claim for misrepresentation are dismissed**

8

**with leave to amend**

The general rule for liability for fraud by concealment is that "even if material facts are known to one party and not the other, failure to disclose those facts is not actionable fraud unless there is some fiduciary or confidential relationship giving rise to a duty to disclose." Kovich v. Paseo Del Mar Homeowners' Ass'n, 41 Cal.App.4th 863, 866 (1996). As described above, there is no fiduciary duty between a lender and a borrower, or a third party guarantor. Perlas, 187 Cal.App.4th at 436. However:

> . . . active concealment of facts and mere nondisclosure of facts may under certain circumstances be actionable without such a relationship. For example, a duty to disclose may arise without a confidential or fiduciary relationship where the defendant, a real estate agent or broker, alone has knowledge of material facts which are not accessible to the plaintiff, a buyer of real property.

Kovich, 41 Cal.App.4th at 866 (internal citations omitted). Plaintiff has not alleged that a duty as described in Kovich arose here. This case is not between a real estate broker and a buyer; Plaintiff is a third party guarantor, and is not a party to the contract with the bank. Further, Plaintiff alleges that she never met with the lender. Thus, Plaintiff has not alleged that Defendant had a duty to her.

To establish a cause of action for fraudulent misrepresentation, Plaintiff must plead and prove four elements: (1) a knowingly false representation by Defendant; (2) an intent to deceive or induce reliance; (3) justifiable reliance by Plaintiffs; and (4) resulting damages. Gutierrez v. Wells Fargo Bank, 2009 WL 322915, at *4 (N.D. Cal. Feb. 9, 2009) (citing Service by Medallion, Inc. v. Clorox Co., 44 Cal.App.4th 1807, 1816 (1996)). Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b); Vess v. Ciba-Geigy, Inc., 317 F.3d 1097, 1106 (9th Cir.2003) ("Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud "be 'specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong.' " Averments of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged.") (internal citations omitted).

Plaintiff has alleged in her complaint that she was closed off from all dealings with the lender because of her son's conduct, and that she never met with the bank. FAC ¶¶ 18-19. Thus,

1  Plaintiff cannot allege any representations made by Defendant.  Plaintiff's vague allegations as to
2  misrepresentations made by all Defendants (FAC ¶ 75) are insufficient to satisfy the pleading
3  standard for fraud.  See Keen v. American Mortg. Servicing Inc., 664 F. Supp. 2d 1086, 1098-99
4  (E.D. Cal. 2009) ("Furthermore, 'Rule 9(b) does not allow a complaint to merely lump multiple
5  defendants together but require[s] plaintiffs to differentiate their allegations when suing more than
6  one defendant ... and inform each defendant separately of the allegations surrounding his alleged
7  participation in the fraud.'") (internal citation omitted).  No where does Plaintiff allege a
8  representation made by the bank to her.

Further, even if Plaintiff could allege a misrepresentation, she has not alleged justifiable reliance.  Plaintiff specifically states in the complaint that she "voluntarily relinquished" control of Sutter to David (FAC ¶¶ 12, 20) and that she received "little, if any, information about her investments from David. . . ." (FAC ¶ 19).  She alleges that after David took control, she "had no knowledge of any accounts or business transactions and no ability to monitor them" (FAC ¶ 36).

As stated at the hearing, these claims are dismissed with leave to amend.

### 9. Plaintiff rescission claim is dismissed with leave to amend

It is not clear from the complaint whether Plaintiff seeks to rescind the loan agreements or the loan guaranties.  Since Plaintiff is not a party to the loan agreements, she may not rescind those contracts.  Even if she was able to rescind the loan agreements, she would need to allege tender of the amount of the loan, which she has not done.  See Cal. Civil Code § 1691 ("Subject to Section 1693, to effect a rescission a party to the contract must, promptly upon discovering the facts which entitle him to rescind if he is free from duress, menace, undue influence or disability and is aware of his right to rescind: (a) Give notice of rescission to the party as to whom he rescinds; and (b) Restore to the other party everything of value which he has received from him under the contract or offer to restore the same upon condition that the other party do likewise, unless the latter is unable or positively refuses to do so."); Burgess, 44 Cal.App.2d at 816 ("In case of a person not entirely without understanding, a suit for a rescission may be brought, or the contract may be rescinded by the act of the party himself. But in accordance with the general rules, he must restore everything of value received, or offer to do so."); see also Das v. WMC Mortgage Corp., 831 F. Supp. 2d 1147,

1162 (N.D. Cal. 2011) ("Thus, to state a valid claim for rescission, Plaintiffs 'must at least allege that [they] ha[ve] offered to tender to support a claim for equitable rescission under section 1691.'") (internal citation omitted). Therefore, Plaintiff's rescission claim is dismissed with leave to amend.

**Conclusion**

As stated at the hearing and in this Order, Defendant's Motion to Dismiss is granted with leave to amend as described above. Any amended complaint shall be filed no later than September 20, 2012. Plaintiff shall inform Defendant and the Court promptly of the ruling by the bankruptcy court on the motions for relief filed by Plaintiff on August 21, 2012.

IT IS SO ORDERED.

Dated: August 22, 2012

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge